IN THE UNITED STATES SUPREME COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

FREDERICK M. SEIFERTH, REPRESENTATIVE
OF THE HEIRS AT LAW OF JAMES
A. SEIFERTH, DECEASED                                                         PLAINTIFFS

VERSUS                                          CIVIL ACTION NO. 4:03CV463-P-B

HELICOPTEROS ATUNEROS AND
MARK CAMOS                                                                    DEFENDANTS

**MEMORANDUM OPINION**

This cause is before the Court on defendant Helicopteros Atuneros' Motion to Dismiss to Lack of Jurisdiction Over the Person [2-1] and defendant Mark Camos' Motion to Dismiss [15-1]. The Court, having reviewed the motions, the responses, the briefs of the parties, the authorities cited and being otherwise fully advised in the premises, finds as follows, to-wit:

FACTUAL BACKGROUND

This cause of action sounds in negligence and strict products liability related to a helicopter accident resulting in the death of James A. Seiferth. The accident occurred near Indianola, Mississippi. Plaintiff Frederick M. Seiferth, the decedent's personal representative, brought suit on behalf of the James A. Seiferth's heirs at law. Frederick Seiferth is a resident of the state of New York, as was the decedent. Defendant Helicopteros Atuneros, Inc.(HAI) is a California corporation with its principal place of business in California. Defendant Mark Camos is a domiciliary of Tennessee.[1]

---

[1] Camos was a resident of Florida at the time of the accident.

HAI buys, sells, maintains and leases helicopters; it conducts its business in the name of Krauss Helicopters. The corporate defendant leased a Model MD500D helicopter bearing registration number N58377 to Air 2, LLC, (Air 2)a Florida company, for a one year period running from May 1, 2000 to April 30, 2001. The lease agreement provided for a bare lease, i.e., Air 2, as lessee of the aircraft, assumed responsibility for all operational expenses, inspections and maintenance of the helicopter.

Defendant Mark Camos designed and patented a work platform for use in conjunction with a helicopter. When Camos later accepted employment with Air 2, he extended the company a license on the patented work platform. Air 2 ordered the fabrication of the work platform and its installation on the leased aircraft to be used by its personnel in conjunction with the aerial inspection of outdoor structures such as power lines.

Air 2 used the helicopter and the work platform to perform such inspections in various places, including Mississippi. On the date of the accident, James Seiferth, an Air 2 employee, was inspecting power lines near Indianola, Mississippi. Seiferth fell from the work platform when the base to which he was anchored broke. Seiferth died as a result of the injuries he sustained from the fall.

The plaintiff brought suit against HAI and Camos on December 23, 2003. Defendants responded by filing motions to dismiss for lack of personal jurisdiction, contending that their contacts with Mississippi are insufficient to support this Court's exercise of *in personam* jurisdiction. The motions have been fully briefed and the Court is ready to rule.

LEGAL ANALYSIS

I.     Motion to Dismiss for Lack of Personal Jurisdiction

Defendants HAI and Camos seek dismissal of this action based on lack of personal jurisdiction. Where a defendant challenges its joinder on the grounds of personal jurisdiction, the plaintiff bears the burden of bringing forward facts which establish prima facie evidence of personal jurisdiction. Wilson v. Belin, 20 F.3d 644, 646-47 (5th Cir. 1994).

   A.     Evidence Relative to Defendants' Contact With the Forum

Review of the record evidence reveals no link between HAI and Mississippi other than the fortuitous happenstance of Seiferth's unfortunate accident. There is no evidence that HAI has ever been present in Mississippi, has ever conducted business in Mississippi, that the aircraft was leased in Mississippi or was intended by HAI to be used in Mississippi. HAI was unaware that Air 2 was operating the helicopter in Mississippi at the time of the accident.

There is some evidence of a connection between Mark Camos and Mississippi. Camos, a pilot for Air 2, admits having flown a mission near Tunica, Mississippi on April 11, 2000. In conjunction with that mission, Camos inspected the work platform as part of his preflight inspection. On another occasion in mid-February 2001, Camos also stopped overnight in Mississippi while ferrying an Air 2 helicopter from Florida to Texas. After the accident Camos traveled to Mississippi as Air 2's company representative for purposes of assisting the FAA and OSHA in their investigation of the incident from February 23-27, 2001. Camos performed duties as a pilot for Air 2 in Mississippi from March 9-17, 2001. Lastly, Camos represented Air 2 at the May 24, 2001 accident hearing conducted by OSHA.

B. Application of Mississippi's Long Arm Statute

Federal Rule of Civil Procedure 4 authorizes service of process upon nonresident defendants by reference to the forum state's long arm statute. F.R.C.P. 4(e), (h). In this case, Mississippi's long arm statute provides for the exercise of jurisdiction over nonresidents under the following circumstances:

> <u>Any nonresident person, firm, general or limited partnership, or any foreign or other corporation not qualified under the constitution and laws of this state as to doing business herein</u>, who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or <u>who shall commit a tort in whole or in part in this state against a resident or nonresident of this state</u>, or who shall do any business or perform any character of work or service in this state, <u>shall by such act or acts be deemed to be doing business in Mississippi</u>.

Miss. Code Ann. § 13-3-57 (1972) (emphasis added).

Plaintiff relies on the tort prong of the statute as a basis for jurisdiction over the defendants. Mississippi decisional law recognizes that personal jurisdiction is proper when any element of a tort takes place in Mississippi. Most notably, "[s]ince injury is necessarily required to complete a tort, a tort is considered to have been committed in part in Mississippi where the injury results in the state." <u>First Trust National Association v. Jones Walker</u>, 996 F. Supp. 585, 588 (S.D. Miss. 1998) (citing <u>Thompson v. Chrysler Motors Corp.</u>, 755 F.2d 1162 (5th Cir. 1985).

Defendants admit that the general allegations of plaintiff's complaint satisfy the long arm statute.[2] Given the fact that Seiferth's injury occurred in Mississippi, the Court is of the opinion that plaintiff's allegations fall within the aegis of the statute.

---

[2] However, they argue that the actual facts fail to support a tort claim against either defendant because HAI had nothing to do with the work platform and Camos did not design the work platform as an anchoring point for workmen.

4

C.  Due Process Analysis

In addition to meeting the requirements of the long arm statute, the plaintiff must also demonstrate that the exercise of jurisdiction comports with constitutional due process analysis as delineated in International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). "The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which the individual has established no meaningful 'contacts, ties, or relations'" and "'gives a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit.'" Electrosource, Inc. v. Horizon Battery Technologies, Limited, 176 F3d. 867, 871 (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474, 105 S. Ct. 2174, 2183, 85 L.Ed.2d 528 (1985)).

The requirements of due process are met when personal jurisdiction is asserted over a nonresident defendant that has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Id. at 316 (quoting Milliken v. Meyer, 311 U.S. 457, 463, 61 S. Ct. 339, 343, 85 L.Ed. 278 (1940)). A Court first examines the non-resident defendant's contacts with the forum state to determine whether they are sufficient to charge it with notice that it may be subject to suit within the forum. Should the answer to that question be "yes"; then the Court undertakes the task of determining whether it would be "fair" to make the non-resident defendant face litigation in the forum.

1.  Minimum Contacts

Minimum contacts analysis differs according to whether the federal court's jurisdiction over the non-resident defendant is "general" or "specific." Gardner v. Clark, 101 F. Supp.2d 468, 476

5

(N.D. Miss. 2000). When the suit "arises out of or is related to" the defendant's contacts with the forum, the analysis centers on specific jurisdiction. Id. (quoting from Petroleum Helicopters, Inc. v. Avco Corp., 804 F.2d 1367, 1370 (5th Cir.1986)). This case concerns only specific jurisdiction. Therefore, the operative question is whether the defendants' contacts with Mississippi, if any, bear a sufficient nexus to the cause of action sued upon to warrant a finding of minimum contacts.

In Hydrokinetics, Inc. v. Alaska Mechanical, Inc., the Fifth Circuit cautioned:

> The number of contacts with the forum state is not, by itself, determinative. "What is more significant is whether the contacts suggest that the nonresident defendant purposefully availed himself of the benefits of the forum state." "Considerations such as the quality, nature, and extent of the activity in the forum, the foreseeability of consequences within the forum from activities outside it, and the relationship between the cause of action and the contacts, relate to whether it can be said that the defendant's actions constitute 'purposeful availment.'"

700 F.2d 1026, 1028 (5th Cir. 1983)(quoting from Brown v. Flowers Industries, Inc., 688 F.2d 328, 333 (5th Cir. 1982) and Prejean v. Sonatrach, Inc., 652 F.2d 1260, 1268 (5th Cir. 1981)).

Under the circumstances of this case, the Court is constrained to find that the facts of this case do not support a finding of personal jurisdiction against either of the nonresident defendants. HAI directed no purposeful and affirmative action aimed at Mississippi residents. HAI did not direct the helicopter into the state of Mississippi–to the contrary, the aircraft was in the sole care, custody and control of Air 2, LLC, a Florida company that was the decedent's employer. HAI was not even aware that the aircraft was operating in Mississippi. Because plaintiff cannot even make a threshold showing of any contacts with Mississippi, it necessarily follows that he cannot demonstrate a substantial nexus between the pending cause of action and contact with the forum state.

Seiferth adduced some evidence of a connection between Camos and Mississippi–a number of which relate to the helicopter and the work platform. Closer examination reveals, however, that

Camos' contacts with Mississippi have no plausible connection to plaintiff's tort claims against Camos. Camos' April 11, 2000 inspection of the work platform is too far removed in time to have played any role in Seiferth's death nearly a year later. Camos' "pit stop" in Mississippi during the transfer of an aircraft in mid-February 2001 has no significance to the plaintiff's claims of negligence and strict liability based on Camos' design of the work platform. Finally, Camos' post-accident contacts with Mississippi afford no arguable basis for Seiferth's claims. Given the dearth of any connection between Camos' contacts with Mississippi and the February 23, 2001 accident, the Court finds that forcing Camos to defend against a suit in Mississippi would offend traditional notions of fair play and substantial justice.

## CONCLUSION

Based on the foregoing facts and analysis, the Court concludes defendants' contacts with the State of Mississippi are insufficient to satisfy the requirements of the Due Process Clause of the Fourteenth Amendment. An Order will issue accordingly.

This, the 15th day of August, 2005.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE