IN THE UNITED STATES SUPREME COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

FREDERICK M. SEIFERTH, REPRESENTATIVE
OF THE HEIRS AT LAW OF JAMES
A. SEIFERTH, DECEASED                                              PLAINTIFFS

VERSUS                                        CIVIL ACTION NO. 4:03CV463-P-B

HELICOPTEROS ATUNEROS AND
MARK CAMOS                                                          DEFENDANTS

## ORDER

This cause is before the Court on remand from the Fifth Circuit Court of Appeals for a determination regarding whether the exercise of jurisdiction over defendant Camos would offend traditional notions of fair play and substantial justice. The Court, having reviewed the supplemental briefs submitted by the parties and being otherwise fully advised in the premises, finds as follows, to-wit:

On appeal, the Fifth Circuit upheld this Court's finding that defendant Camos is amenable to service of process pursuant to the Mississippi long arm statute, Mississippi Code Annotated § 13-3-57 (1972), but reversed this Court's contemporaneous finding that Camos lacked the minimum contacts necessary to comport with constitutional due process considerations with regard to plaintiff's claims for failure to warn, negligence and negligence per se. The appellate court's ruling necessitates this Court's consideration of the third prong of the tripartite jurisdictional analysis, e.g., whether, notwithstanding the existence of minimum contacts between the defendant, the forum state and the cause of action, exercise of jurisdiction under the circumstances would nonetheless be unfair and unreasonable. Gulf Consolidated Services, Inc. v. Corinth Pipeworks, S.A., 898 F.2d 1071,

1082 (5th Cir. 1990).

Of particular note is that the <u>defendant</u> bears the burden of demonstrating the unfairness of an assertion of jurisdiction; said defendant must make a "compelling case" in order to defeat jurisdiction despite a showing of minimum contacts:

> To show that an exercise of jurisdiction is unreasonable once minimum contacts are established, the defendant must make a "compelling case" against it. It is rare to say the assertion is unfair after minimum contacts have been shown.

<u>Air Alaska, Inc. v. Brandt</u>, 195 F.3d 208, 215 (5th Cir. 1999).

The "fairness" inquiry focuses on broad party and forum interests to determine the propriety of exercising personal jurisdiction in a given case. In each case, the Court is to consider:

1. The burden on the defendant in litigating in the forum state;

2. The interests of the forum state in the lawsuit;

3. The plaintiff's interests in obtaining convenient and effective relief;

4. The interstate judicial system's interest in obtaining the most efficient resolution of controversies; and

5. The shared interest of the several states in furthering fundamental substantive social policies.

<u>Asahi Metal Industry Co., Ltd. v. Superior Court of California</u>, 480 U.S. 102, 113, 107 S.Ct. 1026, 1033, 94 L.Ed.2d 92 (1987).

Application of the above factors and burden of proof constrains the Court to find that the exercise of personal jurisdiction against defendant Camos is proper in this case. Although defending the suit will impose a burden on defendant Camos, that burden is not an undue one, especially in view of the fact that Camos is a citizen of Tennessee, a state adjacent to the forum state.

Accordingly, the inconvenience and additional cost to defendant Camos will be minimal in comparison to the burden of litigating in a more distant forum. American Cable Corp. v. Trilogy Communications, Inc., 754 So.2d 545 (Miss. Ct. App. 2000). As to the second factor, Mississippi clearly has an interest in providing a forum for the redress of torts which occur within its boundaries–regardless of whether the injured individual is a Mississippi resident. Horne v. Mobile Area Water & Sewer System, 897 So.2d 972 (Miss. 2004). Furthermore, plaintiff clearly has an interest in prosecuting the action in the present forum; Seiferth's choice of forum is entitled to deference, especially in light of the defendant's failure to suggest a more appropriate forum wherein plaintiff might obtain effective redress for the injury suffered. With regard to factor four, the Court finds that, even assuming plaintiff might pursue this action in another forum at this late juncture, the interstate judicial system's interest in promoting the most efficient resolution of the controversy is best served by adjudication of plaintiff's claims in the current forum where it has been pending for quite some time. Finally, defendant concedes that the fifth factor, the shared interest of the several states in furthering fundamental substantive social policies, has no application in the present case.

Based on the foregoing analysis, the Court concludes that requiring defendant Camos to defend plaintiff's claims of failure to warn, negligence and negligence per se is not violative of traditional notions of fair play and substantial justice. Accordingly, defendant's Motion to Dismiss is not well-taken and should be denied with regard to the above-enumerated claims.

IT IS, THEREFORE, ORDERED AND ADJUDGED that defendant Camos' Motion to Dismiss [15] is not well-taken and should be, and hereby is, DENIED as to plaintiff's claims for failure to warn, negligence and negligence per se. IT IS FURTHER ORDERED that the parties are to contact the assigned magistrate judge within ten (10) days of the entry of this Order to schedule

an initial case management conference.

SO ORDERED, this the 4th day of December, 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE