IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

FREDERICK M. SEIFERTH, Representative
of the Heirs at Law of JAMES A. SEIFERTH,
Deceased,                                                                                           PLAINTIFF

v.                                                                                              No. 4:03CV463-P-B

HELICOPTEROS AUTNEROS and
MARK CAMOS,                                                                                    DEFENDANTS

## ORDER

Before the Court is the plaintiff's motion to compel discovery [doc. 46], the defendant's response [doc. 49] and the plaintiff's reply brief [doc. 52]. The plaintiff seeks an order compelling production of documents in response to discovery requests related to the design and licensing of Defendant Mark Camus's helicopter external work platform which is the subject of this lawsuit. In support of the motion the plaintiff maintains that said documents are discoverable because they are relevant to issues in this suit  Specifically, the plaintiff asserts that the design documents may include information relevant to his failure to warn and negligence claims. The defendant objects to producing any such documents on the ground that they would be relevant only to the plaintiff's defective design claim which has been dismissed from this lawsuit.

Initially in this suit, the plaintiff asserted four claims against Defendant Camus: defective design, failure to warn, negligence and negligence *per se.* However, the Fifth Circuit determined that none of Camus's Mississippi contacts related to his design of the platform and upheld this Court's dismissal of the plaintiff's defective design claim for lack of personal jurisdiction. The

Fifth Circuit also found that because Camus transported the subject helicopter and platform to Mississippi and inspected them here, the plaintiff's failure to warn, negligence and negligence *per se* claims arose out of the defendant's Mississippi contacts. And, this Court has determined that it has personal jurisdiction over the defendant with respect to those claims.

The Court finds that the instant motion should be denied. First, the plaintiff filed the instant motion one day before the discovery deadline in contravention of the Local Rules of this Court. As such, the motion was not filed sufficiently in advance of the discovery deadline to allow the Court time to rule on it before said deadline. Moreover, the plaintiff filed his motion only after the defendant filed his motion for summary judgment seeking dismissal of this case. This case has been pending since December 23, 2003, and the plaintiff has failed to offer any reason whatsoever for the delay in seeking court intervention. Third, the Court is not convinced that the requested information is relevant to the issues in this case. The plaintiff's proffer of the possibilities that the documents "may" contain the design of warning labels or information regarding other designs by Camus for different purposes fails to rise above the level of mere speculation and does not help the Court see any real connection between the design and licensing documents and Camus's Mississippi contacts. Accordingly, the plaintiff's motion is hereby, **DENIED**.

**SO ORDERED** this, the 7th day of November, 2008.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE