# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

FREDERICK M. SEIFERTH, Representative
of the Heirs at Law of JAMES A SEIFERTH                                    PLAINTIFF

VERSUS                                                            CIVIL ACTION NO. 4:03CV463-P-B

HELICOPTEROS ATUNEROS
and MARK CAMOS                                                                 DEFENDANTS

## ORDER

This cause is before the Court on the plaintiffs' Application for Review [54] of the November 7, 2008 Order denying the plaintiff's Motion to Compel Discovery [46]. The Court, having reviewed the application for review, the response, the authorities cited and being otherwise fully advised in the premises, finds as follows, to-wit:

An appeal from a magistrate's ruling on a non-dispositive motion, pursuant to the authority granted in 28 U.S.C. § 636(b)(1), is considered under the "clearly erroneous" standard. This standard has been described as "extremely deferential." Reko v. Creative Promotions, Inc., 70 F.Supp.2d 1005, 1007 (D.Minn.1999). Under the "clearly erroneous" standard, the district court cannot disturb a factual finding of the magistrate judge "unless, although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed." Smith v. Smith, 154 F.R.D. 661, 665 (N.D. Tex. 1994)(quoting Resolution Trust Corporation v. Sands, 151 F.R.D. 616, 619 (N.D.Tex.1993)). If the magistrate judge's "account of the evidence is plausible in light of the record viewed in its entirely," the district judge may not reverse it. Id. When a party objects to a magistrate judge's ruling on the ground that it is contrary to law, the party must demonstrate that the magistrate judge erred in some respect in his legal conclusions. Id.

Plaintiff asks this Court to vacate Magistrate Judge David A. Sanders' November 7, 2008 Order denying the plaintiff's Motion to Compel Discovery with regard to the production of documents pertaining to: 1) the design and licensing of the work platform at issue in the suit; and 2) documents submitted to or received from the Federal Aviation Administration concerning the subject platform. He disputes the magistrate judge's conclusions regarding the timeliness of his discovery motion and the relevance of the materials sought to the plaintiff's remaining claims of failure to warn, negligence and negligence per se.

In attempting to refute the magistrate's conclusion regarding the untimely nature of the Motion to Compel, Seiferth cites to Uniform Local Rule 26.1(B)(2) which requires that discovery be initiated far enough in advance to permit the opposing party to respond by the discovery deadline. He points out that he propounded his requests for production on June 30, 2008–some ninety-one (91) days prior to the October 1, 2008 discovery deadline. Plaintiff is correct.

However, the magistrate found no fault with the timeliness of plaintiff's discovery requests. Instead, plaintiff failed to comply with the dictate of Uniform Local Rule 7.2(B)(2). Said rule provides: "Discovery motions must be filed sufficiently in advance of the discovery deadline so as not to affect the deadline." Uniform Local Rule 7.2(B)(2). Seiferth's motion to compel was filed only one day prior to the expiration of the discovery deadline. The motion was not ripe for ruling until October 29, 2008–more than twenty eight (28) days after the discovery deadline. Clearly, plaintiff's delay in procuring a good faith certificate and in filing the motion to compel affected the discovery deadline. Accordingly, the magistrate committed no error of fact or law insofar as concerns the timeliness of plaintiff's discovery motion.

Seiferth also attacks the magistrate's conclusion regarding the relevance of the requested

2

documents to the remaining claims. He asserts that the magistrate confused the issue of personal jurisdiction with a discovery request pertaining to liability. However, the Fifth Circuit clearly held that this Court can only exercise specific personal jurisdiction over those claims having a sufficient nexus to the defendant's contacts with the forum. Seiferth v. Helicopteros Atuneros, Inc., 472 F.3d 266, 275 (5th Cir. 2006). The appellate court reviewed Camos' contacts and determined Seiferith's failure to warn, negligence and negligence per se claims arose from Camos' delivery of the helicopter and work platform to Mississippi and his onsite inspection thereof. Id. at 276. In view of the limited facts upon which the Court of Appeals decided the minimum contacts issue, this Court is constrained to conclude that Camos' potential liability under the remaining theories of recovery (within the present forum) is likewise so limited. Accordingly, the Magistrate was not in error when he concluded that the relevance of the plaintiff's discovery requests to the parties' claims or defenses was not facially evident; nor did he err in concluding that the plaintiff's motion to compel failed to establish the necessary good cause for expanding the limits of discovery to any matter relevant to the subject matter involved in the action.

Because plaintiff has failed to establish that the order issued by the Magistrate on November 7, 2008 was clearly erroneous or contrary to law, and because of the great deference afforded to the decision of the magistrate in a discovery matter, this court will affirm the order in its entirety.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the Magistrate's November 7, 2008 Order should be, and hereby is, AFFIRMED.

SO ORDERED, this the 12th day of December, 2008.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE