IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

FREDERICK M. SEIFERTH, Representative
of the Heirs at Law of JAMES A. SEIFERTH,
Deceased, PLAINTIFF,

VS. CIVIL ACTION NO. 4:03CV463-P-S

MARK CAMUS, DEFENDANT.

**FINAL JUDGMENT**

This matter comes before the court upon the defendant's motion for summary judgment [44]. After due consideration of the motion and the responses filed thereto, the court finds as follows, to-wit:

After the conclusion of the plaintiff's original appeal in this action, the Fifth Circuit concluded that the plaintiff's remaining claims were for negligence, negligence *per se*, and failure to warn. The defendant argues that since it is undisputed that Mark Camus was a co-employee of James Seiferth, the plaintiff's remaining claims are barred by the co-employee defense. In *Perkins v. Insurance Company of North America*, the Fifth Circuit Court of Appeals recognized that "it is clear that under the Mississippi worker's compensation statute an employee injured in the scope of his employment by the negligence of a co-employee may not recover from the co-employee because worker's compensation is the injured employee's exclusive remedy for work-related injuries against either his employer or his co-employees." 799 F.2d 955, 958 (5th Cir. 1986); *Medders v. U.S. Fidelity and Guar. Co.*, 623 So.2d 979, 984 (Miss. 1993); *McClusky v. Thompson*, 363 So.2d 256, 264 (Miss. 1978).

The plaintiff argues that the co-employee defense does not apply because the law of the case doctrine has already determined that Camus' co-employee defense precludes summary judgment.

"The law of the case doctrine provides that an issue of law or fact decided on appeal may not be reexamined ... by the appellate court on a subsequent appeal." *Fuhrman v. Dretke*, 442 F.3d 893, 896 (5th Cir.2006). "On remand, the only issues properly before the district court [are] those that [arise] from the remand." *United States v. Griffith*, 522 F.3d 607, 610 (5th Cir . 2008). "A corollary of the law of [the] case doctrine is the mandate rule, which provides that a lower court on remand must implement both the letter and spirit of the [appellate court's] mandate, and may not disregard the explicit directives of that court." *Tollett v. City of Kemah*, 285 F.3d 357, 364 (5th Cir. 2002).

The court concludes that the plaintiff's appeal did not involve the merits of the plaintiff's remaining claims. Rather, at issue in the appeal was personal jurisdiction. Furthermore, the procedural posture above was an appeal of an order granting a motion to dismiss for lack of personal jurisdiction whereas the present issue before this court is a motion for summary judgment on the merits. Accordingly, the court concludes that ruling upon the instant motion for summary judgment would not run afoul of the law of the case doctrine, nor the mandate rule.

Having considered the parties' arguments, the court concludes that since it is undisputed that the defendant was a co-employee of Mr. Seiferth, the plaintiff's negligence claims against Mr. Camus personally are barred by the Mississippi Workmen's Compensation Act and the co-employee defense pursuant to *Perkins*, 799 F.2d at 958 (5th Cir. 1986).

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) The defendant's motion for summary judgment [44] is **GRANTED**; thus,

(2) The plaintiff's remaining claims are **DISMISSED WITH PREJUDICE**; and

(3) This case is **CLOSED** with the parties to bear their own costs.

**SO ORDERED** this the 29th day of September, A.D., 2009.

                                           /s/ W. Allen Pepper, Jr.
                                           W. ALLEN PEPPER, JR.
                                           UNITED STATES DISTRICT JUDGE